UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LAZARO CRIBEIRO** | : | **CIVIL ACTION NO. 15-211** |
| DOC #136600 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **THEODORE G. HARTMAN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Lazaro Cribeiro (hereinafter "Cribeiro"). Cribeiro is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Calcasieu Correctional Center (hereinafter "CCC") in Lake Charles, Louisiana.

As defendants Cribeiro names attorney Theodore G. Hartman (hereinafter "Hartman") and the Combined Anti-Drug Team (hereinafter "CAT").

**I.**
**BACKGROUND**

Cribeiro alleges that, at some point between August and October of 2013, the CAT investigator picked him up from jail and transported him to the CAT office for an interview without his attorney present. Doc. 1, p. 2. After thirty minutes, he told the investigator that he did not want to talk without his lawyer. *Id.* He was then taken back to jail. *Id.*

As a result of the above, Cribeio claims that Hartman failed to protect him from CAT investigators and failed to take action against the CAT investigators. He also claims Hartman committed other acts of fraud and malpractice, including but not limited to Hartman's failure to

complete his offer of three years probation and time served in exchange for Cribeiro's debriefing with the state and waiving his right to a speedy trial after he was fired by Cribeiro. Doc. 5. p. 3.

As relief for the above, Cribeiro seeks compensatory damages. Doc. 5, p. 4.

## II.
### APPLICABLE LAW

### A. Frivolity Review

Cribeiro has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the

defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

### C. Improper Defendants

Cribeiro names his former attorney, Theodore G. Hartman, as a defendant.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Cribeiro's allegations against Hartman fail to satisfy the second element as he cannot show that Hartman acted under color of law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hartman did not act under color of state law in representing Cribeiro in his criminal case. Accordingly, Cribeiro's claims against Hartman lack an arguable basis in law and should be dismissed as frivolous.

Cribeiro's claims against CAT fare no better. Fed. R. Civ. P. 17(b) provides that the capacity to sue or be sued is determined 'by the law of the state where the court is located." Thus, Louisiana law governs whether CAT has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers, law enforcement offices or departments (such as city police departments and parish sheriff's offices), district attorney's offices, and the division of probation and parole are not legal entities capable of

suing or being sued. *See Montoya v. Taylor*, 44 F.3d 1005 n. 1 (5th Cir.1995) (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir.1991)); *Hudson v. City of New Orleans,* 174 F.3d 677, 680 (5th Cir. 1999); and *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir.1999).

Courts that have addressed this issue have held that a drug task force, like a police department, is not an entity which can be sued in its own name. *Brown v. Fifth Judicial Dist. Drug Task Force,* 255 F.3d 475, 476-77 (8th Cir. 2001); *Hervey v. Estes,* 65 F.3d 784, 791-92 (9th Cir. 1995) (holding that an intergovernmental task force made up of various local, county and state agencies with authority to investigate suspected drug operations was not subject to suit because there was insufficient evidence to show that those entities intended to create a separate legal entity subject to suit); *Eversole v. Steele,* 59 F.3d 710, 716 n. 6 (7th Cir. 1995) (holding that a drug task force comprising law enforcement officials from four counties and several municipalities within those counties was not an official entity).

Further, the facts alleged by Cribeiro simply do not show that a deprivation of a right secured by the Constitution and laws of the United States occurred. Cribeiro admits that he was returned to the jail when he stated that he no longer wanted to talk to the investigator without his attorney. Doc. 1, p. 2. Cribeiro's claim against CAT is without merit.

### III.
### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that Cribeiro's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE